**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
CIVIL DIVISION

| | | |
|---|---|---|
| TROY CARR | ) | |
| 8505 Bowie Road | ) | |
| Nanjemoy, Maryland | ) | |
| | ) | |
|       Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No.: |
| JHT, Incorporated | ) | |
| 1 Resource Square | ) | |
| 13501 Ingenuity Drive, Suite 300 | ) | |
| Orlando, FL 32826 | ) | |
| | ) | |
|       Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §1441, Jardon and Howard Technologies, Inc., ("JHT") by and through its undersigned counsel, hereby files this Notice of Removal of the instant action from the Superior Court of the District of Columbia. As grounds for removal, Defendant states as follows:

1.    On or about May 5, 2005, Plaintiff filed this action in the Superior Court of the District of Columbia, Civil Action No.: 05-0003489, styled <u>Carr v. JHT Inc.</u>. A copy of the Plaintiffs' Complaint is attached hereto at Exhibit 1. The Complaint was served on Defendant on March June 8, 2005. Accordingly, Defendant exercises its right under 28 U.S.C. §1441(a)-(c) to remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is proper because the Court has diversity jurisdiction over this matter.

2.    JHT respectfully submits that this Court may preside over this action on the basis of its diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In this regard, there exists complete

diversity among the Parties.  Plaintiff is a citizen of the State of Maryland.  JHT is incorporated and has a principal place of business in the State of Florida.  Accordingly, removal is proper based on the Court's diversity jurisdiction.  See 28 U.S.C. § 1441(c).

3.       Furthermore, while JHT disputes the claims asserted by Plaintiff and denies any liability with respect thereto, the alleged amount in controversy undeniably exceeds the $75,000 threshold for diversity jurisdiction.  Although Plaintiff asserts in his Complaint that he seeks an "award to be determined by a jury, but not less than $50,000," he clarifies that he seeks an award of damages for pain and suffering, lost wages, emotional distress, mental anguish, and punitive damages.  Defendant asserts that based upon the nature of the relief sought and the fact that the underlying statute (the District of Columbia Human Rights Act) contains no limit on the amount of damages that may be recovered by a prevailing plaintiff, that the amount in controversy exceeds the Court's jurisdictional threshold.  Moreover, Plaintiff has refused to enter a stipulation in which he would agree not to recover damages that exceed $74,999.99.  Under these circumstances, this Court may properly exercise jurisdiction over this matter.  See Matney v. Wenger Corp., 957 F.Supp. 942, 944 (S.D. Tex. 1997) (holding that defendant established that the plaintiff's claims are sufficient to confer federal jurisdiction based upon the nature of the claims and the types of damages sought).

4.       Written notice of the filing of this Notice of Removal will be served on Counsel for Plaintiff, Alan Lescht, Esq., and a true and correct copy will be filed with the Superior Court of the District of Columbia pursuant to 28 U.S.C. §1446(d).

2

WHEREFORE, Defendants respectfully request that this Court assume jurisdiction of this case and issue such further orders as it deems necessary.

Dated:  July 7, 2005                                    Respectfully submitted,

                                                        By: _____
                                                            Damien G. Stewart, 465266
                                                            Holland & Knight LLP
                                                            2099 Pennsylvania Avenue, NW
                                                            Washington DC 20006
                                                            202-955-3000 (Tel)
                                                            202-955-5564 (Fax)

                                                        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July 2005, I caused to be served a true and correct copy of Defendants' Notice of Removal, by mailing it in a sealed envelope, with postage prepaid thereon, and depositing it in an official depository of the U.S. Postal Service, properly addressed to:

Alan Lescht, Esq.
1050 17th Street, NW
Suite 220
Washington, DC  20036

Damien G. Stewart

# 3045613_v1

4