UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| TROY CARR )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>) Civil Action No.: 1:05-cv-01357 (JDB)<br>JHT, Incorporated )<br>)<br>     Defendant. )<br>) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, Defendant Jardon & Howard Technologies, Inc. ("JHT"), by and through its undersigned counsel, hereby submits the following Answer and Affirmative Defenses to Plaintiff's Complaint. In response to the specific allegations set forth in Plaintiff's Complaint, Defendant states as follows:

1. The Defendant admits that Plaintiff is an African-American male. Defendant has no knowledge of the remaining allegations contained in Paragraph 1 and therefore denies them.

2. The Defendant admits the allegations of Paragraph 2.

### FACTS

3. The Defendant admits the allegations of Paragraph 3.

4. The Defendant denies the allegations of Paragraph 4.

5. The Defendant admits that Plaintiff reported an allegation of racially insensitive language to his supervisor and that Defendant investigated the allegation. Otherwise, the Defendant denies the allegations of Paragraph 5.

6. The Defendant denies the allegations of Paragraph 6.

7. The Defendant admits that Plaintiff reported an allegation of racially insensitive language to his supervisor and that the Defendant investigated the allegation. Otherwise, the Defendant denies the allegations of Paragraph 7.

8. The Defendant admits that Plaintiff reported an allegation of racially insensitive language to the Defendant's Manager of Human Resources and that the Defendant investigated the allegation. Otherwise, the Defendant denies the allegations of Paragraph 8.

9. The Defendant denies the allegations of Paragraph 9.

10. The Defendant admits the allegations of Paragraph 10.

11. The Defendant denies the allegations of Paragraph 11.

12. The Defendant denies the allegations of Paragraph 12.

## COUNT I

13. The Defendant incorporates by reference its answers to Paragraphs 1-12, above.

14. Paragraph 14 of Plaintiff's Complaint contains a legal conclusion to which no answer is required. To the extent an answer is required the Defendant denies the allegations of Paragraph 14.

15. The Defendant denies the allegations of Paragraph 15.

## COUNT II

16. The Defendant incorporates by reference its answers to Paragraphs 1-15, above.

17. Paragraph 17 of Plaintiff's Complaint contains a legal conclusion to which no answer is required. To the extent an answer is required; the Defendant denies the allegations of Paragraph 17.

18. The Defendant denies the allegations of Paragraph 18.

19. To the extent Defendant has not answered any allegations contained in Plaintiff's Complaint earlier in this Answer; Defendant denies those allegations and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

JHT had legitimate non-discriminatory and non-retaliatory reasons for its employment decisions regarding Plaintiff.

### THIRD DEFENSE

Plaintiff cannot state a prima facie case of discrimination on the basis of his race.

### FOURTH DEFENSE

Plaintiff cannot establish that JHT's basis for terminating him was pretextual.

### FIFTH DEFENSE

Plaintiff was not subjected to conduct that was sufficiently severe or pervasive to be actionable under the District of Columbia Human Rights Act.

### SIXTH DEFENSE

To the extent that Plaintiff experienced any treatment that he felt was discriminatory, Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by JHT, or to avoid harm otherwise.

## SEVENTH DEFENSE

To the extent Plaintiff claims that there were incidents of alleged harassment other than those described in the Complaint, JHT was unaware of such allegations.

## EIGHTH DEFENSE

Plaintiff failed to mitigate his damages.

## NINTH DEFENSE

JHT has a preventative anti-harassment/non-discrimination policy that is widely disseminated among its employees. In discharging its duty of preventive care, it is JHT's policy to stop inappropriate conduct before it rises to the level of a violation of law.

## TENTH DEFENSE

Following a review of Plaintiff's performance, JHT acted in good faith in determining the appropriate remedial/disciplinary action taken against Plaintiff.

## ELEVENTH DEFENSE

JHT states that it would have made the same employment decision regarding Plaintiff even in the absence of any alleged unlawful motive.

## TWELFTH DEFENSE

Plaintiff fails to state a prima facie case of retaliation under the District of Columbia Human Rights Act.

## THIRTEENTH DEFENSE

Plaintiff's claims are untimely and barred by the statute of limitations.

## FOURTEENTH DEFENSE

To the extent that Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare himself to a similarly situated employee.

Defendant reserves the right to supplement its Answers and Affirmative Defenses as further information is obtained regarding Plaintiff's allegations.

WHEREFORE, the Defendant requests the Court dismiss the Complaint and order that the Plaintiff have and recover nothing and that the Defendant recover all costs, fees, and other remedies to which the law entitles it.

Dated: July 15, 2005                    Respectfully submitted,

HOLLAND AND KNIGHT LLP

By: _____
Philip T. Evans, Bar No.: 441735
Damien G. Stewart, Bar No.: 465266
Holland and Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, D.C. 20006
Phone: (202) 955-3000
Fax:    (202) 955-5564


Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a copy of Defendant's Answer and Affirmative Defenses on the following via electronic and by first-class mail on this 15th day of July, 2005.

Alan Lescht
1050 17th Street, N.W., Suite 220
Washington, D.C. 20036

*Counsel for Plaintiff*

Damien G. Stewart

# 3066755_v1